■ BARBARA A. MCCUE, Appellant, v STEVEN L. ABEL, Respondent.—In an action to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered November 1, 1989, which granted the defendant's motion to dismiss the complaint on the ground of collateral estoppel, and denied her cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action against the attorney who represented her ex-husband in a prior matrimonial action. The gravamen of the instant complaint is that the defendant refused to close title on the former marital residence which was to be sold in accordance with a stipulation of settlement that was incorporated but not merged into a divorce judgment.

There is no dispute that on the scheduled closing date the defendant, acting on behalf of his client, pursuant to a power of attorney, refused to go forward with the closing although the plaintiff and prospective purchaser were ready, willing, and able to proceed. Counsel for the plaintiff immediately wrote to the Justice who had issued the divorce decree alleging that the defendant's refusal to execute a deed until certain

conditions were met was "willful and deliberate and in contempt of the order of this court". In response, the defendant alleged that he was acting in accordance with his client's instructions.

The Supreme Court issued an order in the matrimonial action dated September 12, 1988, directing, *inter alia,* that the defendant be paid a percentage of the purchase price for representing the ex-husband in the real estate transaction out of the proceeds from the sale, and further ordered both counsel to arrange for immediate closing of title within 10 days after the order. The plaintiff filed a notice of appeal from so much of the order of September 12, 1988, as directed payment of a fee to the defendant, but subsequently abandoned the appeal. We agree with the Supreme Court's determination that the plaintiff is now collaterally estopped from litigating the claim brought against the defendant in the instant action.

In order to invoke the doctrine of collateral estoppel, there must be an identity of issue which has necessarily been decided in the prior action, and is decisive of the present action, and second, there must have been a full and fair opportunity to contest the issue now said to be controlling *(see, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). A comparison of the material issues raised in this action with those addressed in and necessarily disposed of by the court's order of September 12, 1988, in the prior matrimonial action, establishes that both requirements for invoking collateral estoppel have been met even though the causes of action are different *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500). Accordingly, the court properly granted the defendant's motion to dismiss the complaint. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.