■ JOEL D. MAHL et al., Appellants, v CITIBANK, N. A., et al., Respondents. [651 NYS2d 543] —In an action, *inter alia,* to recover damages for fraud and misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered April 7, 1995, which, *inter alia,* granted the defendants' motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant Citibank, N. A. (hereinafter Citibank), brought a foreclosure action against the appellants in which the appellants failed to interpose an answer and ultimately defaulted. The appellants then brought this action against Citibank, an officer of Citibank, and Citibank's attorney, to recover damages alleging, *inter alia,* that Citibank had (1) brought the foreclosure action with the willful intent to harass, annoy, and injure the appellants, (2) knowingly collected charges which were not legally chargeable against the appellants in violations of General Business Law § 601 (2), (8), (3) violated a

duty of good faith and fair dealing, (4) intentionally inflicted emotional distress, and (5) violated Federal statutes enacted to protect consumers against unfair banking practices.

We disagree with the appellants' contention that the Supreme Court erroneously applied the doctrine of collateral estoppel in dismissing seven of their nine causes of action. It is well settled that collateral estoppel, an equitable doctrine, is invoked when the cause of action in the second matter is different from that in the first action, and applies only to a prior determination of an issue which was actually and necessarily decided in the earlier action and not to those which could have been litigated (see, Koether v Generalow, 213 AD2d 379, 380). Collateral estoppel is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it (see, Kaufman v Eli Lilly & Co., 65 NY2d 449, 455; Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 484; Jimenez v Shippy Realty Corp., 213 AD2d 377, 378). Two requirements must be met. First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from litigating the issue must have had a full and fair opportunity to contest the prior determination (see, Gilberg v Barbieri, 53 NY2d 285, 291; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 71). The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action (see, Ryan v New York Tel. Co., 62 NY2d 494, 500-501; Schwartz v Public Adm'r of County of Bronx, supra).

In the earlier foreclosure action, the Referee properly determined that Citibank had not acted in bad faith or with malice, given that the court had expanded the scope of the Referee's responsibility to include testimony on whether the appellants had meritorious defenses based on those issues. The affidavit submitted in support of the appellants' initial motion to vacate their default in the foreclosure action set forth the bad faith and malice of Citibank and others as meritorious defenses. In the matter at bar, seven of the appellants' nine causes of action pertain to Citibank's bad faith and malice— issues which were necessarily fully litigated in the foreclosure action. Accordingly, we find that the first, second, third, fourth, seventh, eighth, and ninth causes of action were properly dismissed on the basis of collateral estoppel.

The court further properly dismissed the fifth and sixth causes of action to recover damages for the intentional infliction of emotional distress. Assuming the truth of the appellants' bare allegations of "illegal, wilful and malicious conduct" by the defendants, the claims do not rise to the level of extreme and outrageous conduct (see, Howell v New York Post Co., 81 NY2d 115, 121).

The appellants' remaining contentions are without merit. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.