■ MICHAEL F. LUPO et al., Appellants, v COUNTRY VICTORIAN DEVELOPMENT CORP., Respondent. [741 NYS2d 730] —In an action, inter alia, to compel the transfer of certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated March 8, 2001, as granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and (10), and to cancel their notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues that have been actually litigated and necessarily decided in a prior action (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). To invoke the doctrine, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see Kaufman v Eli Lilly & Co.,* 65 NY2d at 455; *Mahl v Citibank,* 234 AD2d 348; *McCue v Abel,* 171 AD2d 845; *Langdon v WEN Mgt. Co.,* 147 AD2d 450).

Here, the Supreme Court properly invoked the doctrine and

dismissed the complaint, as the issues decisive of the instant action were litigated and necessarily decided in a prior action. Moreover, the Supreme Court properly dismissed the complaint as barred by the statute of frauds since the evidentiary proof only set forth a written joint venture agreement with the nonparty, One Panamoka Building Corp., not the defendant as alleged by the plaintiffs (see General Obligations Law § 5-703 [2]). The plaintiffs failed to produce evidence of a joint venture agreement between themselves, the defendant, and the record owner of the subject property, and the joint venture agreement between the plaintiffs and One Panamoka Building Corp. was not binding upon the defendant. Furthermore, the plaintiffs failed to adduce any evidence that One Panamoka Building Corp. assigned its interest in its joint venture agreement with the plaintiffs to the defendant.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Altman, McGinity and Adams, JJ., concur.