■ KENNARD JOSEPH, Respondent, v CITY OF NEW YORK et al., Appellants. [997 NYS2d 149]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated January 4, 2013, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants City of New York and New York City Transit Authority.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the City of New York, the Metropolitan Transit Authority (hereinafter the MTA), and the New York City Transit Authority (hereinafter the NYCTA) (hereinafter collectively the defendants) to recover damages for injuries allegedly sustained by him when he fell while descending a staircase at a subway station in Queens. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the MTA, and denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the City and the NYCTA. The defendants appeal.

The Supreme Court properly denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the City and the NYCTA. Those defendants failed to establish their prima facie entitlement to judgment as a matter of law because they did not address specific claims in the plaintiff's verified bill of particulars related to the subject staircase, including specific conditions concerning its treads and risers (*see Lipari v Town of Oyster Bay*, 116 AD3d 927, 928 [2014]; *Miller v Village of E. Hampton*, 98 AD3d 1007, 1008-1009 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874, 874-875 [2008]). Since the City and the NYCTA did not demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.