KENDRA WALINCHUS, as Administratrix of the Estate of SETH WALINCHUS, Deceased, Appellant, v JANET LUBECK, as Administratrix C.T.A. of the Estate of GEORGE R. LUBECK, Deceased, Respondent, et al., Defendant. [1 NYS3d 255]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated October 18, 2013, as granted the motion of the defendant Janet Lubeck, as Administratrix C.T.A. of the Estate of George R. Lubeck, for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Janet Lubeck, as Administratrix C.T.A. of the Estate of George R. Lubeck, for summary judgment dismissing the complaint insofar as asserted against her is denied.

This case arises from a rear-end collision involving three vehicles. The lead vehicle, driven by the defendant Timothy

Cleven, had stopped for a school bus when the collision occurred. Although the exact circumstances of the accident are unclear from the record, there is no real dispute that either one or two vehicles struck Cleven's vehicle in the rear. One of those vehicles was a motorcycle driven by the plaintiff's decedent, Seth Walinchus (hereinafter Walinchus). The other vehicle was driven by the defendant Janet Lubeck's decedent, George R. Lubeck (hereinafter Lubeck). The plaintiff commenced this action alleging, inter alia, that both Cleven and Lubeck were negligent in the operation of their respective vehicles. Both Walinchus and Lubeck died before this action was commenced.

After the defendants filed their respective answers, they separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted both motions and dismissed the complaint in its entirety. The plaintiff appeals from so much of the order as granted Janet Lubeck's motion for summary judgment dismissing the complaint insofar as asserted against her. We reverse the order insofar as appealed from.

In support of her motion, Janet Lubeck submitted evidence including the deposition testimony of Timothy Cleven, and argued that Cleven was the only person with personal knowledge of how the subject accident occurred. Cleven testified that, prior to the accident, he saw Lubeck's vehicle approaching his vehicle from the rear, but he did not see the motorcycle operated by Walinchus. Cleven further testified that when he exited his vehicle after the collision, he saw that Lubeck's vehicle had rear-ended his vehicle, Walinchus was standing on the sidewalk, and Walinchus's motorcycle was underneath either his vehicle or Lubeck's vehicle. Based on his testimony, Janet Lubeck argued that the plaintiff "will be unable to prove a prima facie case of liability against the defendants," and that the plaintiff "cannot prove that" any action by Lubeck was the proximate cause of Walinchus's injuries.

Contrary to the Supreme Court's determination, Janet Lubeck failed to establish her prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against her. "A movant cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (*Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *see Velasquez v Gomez*, 44 AD3d 649, 650 [2007]). Here, Janet Lubeck merely pointed to gaps in the plaintiff's proof. Her submissions, including Cleven's deposition testimony, failed to affirmatively demonstrate that Lubeck was free from negligence or that any negligent conduct on his part was not a proximate cause of

Walinchus's injuries. Since Janet Lubeck failed to demonstrate her prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]).

Accordingly, the Supreme Court should have denied Janet Lubeck's motion for summary judgment dismissing the complaint insofar as asserted against her. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.