■ CHIRRING LAMINI et al., Respondents-Appellants, v BARODA PROPERTIES, INC., et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents. NGA WANG DOLMA LAMA et al., Third-Party Defendants-Respondents-Appellants. [11 NYS3d 608]—

In an action to recover damages for breach of contract and for the return of a down payment of $50,000 held in escrow, the defendants/third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Greco, Jr., J.), entered March 10, 2014, as, after a nonjury trial and an inquest as to damages, is in favor of the plaintiffs and the third-party defendants and against them in the principal sum of $40,000, and awarded them the sum of only $10,000 remaining in the escrow account, the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as is in their favor and against the defendants/third-party plaintiffs in the principal sum of only $40,000, and the third-party defendants separately cross-appeal from the same judgment.

Ordered that the cross appeal by the third-party defendants is dismissed, without costs or disbursements, for failure to timely perfect the same in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the appeal by the defendants third-party plaintiffs is dismissed; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from by the

plaintiffs, on the law, the plaintiffs are awarded the principal sum of $50,000, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants third-party plaintiffs.

On March 31, 2008, the two plaintiffs, along with their spouses (hereinafter collectively the buyers), entered into a written agreement with the defendant Baroda Properties, Inc. (hereinafter Baroda), to jointly purchase a property in Woodside. In connection with the agreement, the buyers deposited a down payment in the principal sum of $50,000 with Baroda's attorney, the defendant Manmohan K. Bakshi. When the deal failed to close, the plaintiffs commenced the instant action against Baroda and Bakshi to recover damages for breach of contract and for the return of their down payment.

The defendants, among other things, asserted counterclaims against the plaintiffs and commenced a third-party action against the plaintiffs' spouses, who defaulted in appearing in the action. The Supreme Court, after a nonjury trial, determined that Baroda had breached the contract by failing to obtain a certificate of occupancy, and that the plaintiffs were entitled to the return of their down payment. After an inquest on damages, the court, without elaboration, awarded the buyers the principal sum of $40,000, to be paid out of the escrow account maintained by Bakshi, and awarded the defendants the $10,000 remaining in the escrow account.

On appeal, the defendants challenge the determination of the Supreme Court that Baroda breached the contract. However, the defendants were obligated to assemble a proper record on appeal, which must include any relevant transcripts of proceedings (*see Matter of Butti v Butti*, 92 AD3d 781 [2012]; *Kociubinski v Kociubinski*, 83 AD3d 1006 [2011]). Here, the failure to provide this Court with a transcript of the nonjury trial renders the record on appeal inadequate to enable this Court to reach an informed determination on the merits of the appeal. Therefore, their appeal must be dismissed.

On the plaintiffs' cross appeal, pursuant to the clear and unambiguous language of the underlying contract of sale, the buyers were entitled to a full refund of their down payment if Baroda failed to perform in accordance with the terms and conditions thereof. Since the Supreme Court concluded, after a nonjury trial, that Baroda, as seller, failed to perform its obligations to secure a certificate of occupancy for a two-family dwelling, the Supreme Court should have awarded the plaintiffs a full refund of the $50,000 down payment held in escrow (*see Magnolia Dev. Corp. v Lockwood*, 160 AD2d 774 [1990]), and not a partial refund of $40,000.

The parties' remaining contentions are either without merit

or not properly before this Court. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.