■ JANINA L. SAVEKINA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [16 NYS3d 760]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jimenez Salta, J.), dated November 7, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she slipped and fell while riding an ascending escalator at the Brighton Beach subway station in Brooklyn. After issue was joined, but prior to depositions being conducted, the defendant moved, inter alia, for summary judgment dismissing the complaint, contending that the plaintiff would be unable to demonstrate that it had actual or constructive notice of a wet condition that allegedly caused her to slip and fall. The Supreme Court denied the motion, and the defendant appeals.

On a motion by a defendant for summary judgment dismissing the complaint, the defendant does not meet its burden of affirmatively establishing its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its defense (see Collado v Jiacono, 126 AD3d 927 [2015]). The "prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Koziar v Grand Palace Rest., 125 AD3d 607, 608 [2015]; see Costen v Cohen, 124 AD3d 819 [2015]; Lipari v Town of Oyster Bay, 116 AD3d 927, 928 [2014]; Wald v City of New York, 115 AD3d 939, 940 [2014]).

Here, the plaintiff alleged in her verified complaint and verified bill of particulars, inter alia, that the escalator was broken and defective. The defendant did not address these contentions in its motion papers. Accordingly, the defendant failed to meet its initial prima facie burden (see Costen v Cohen, 124 AD3d 819 [2015]; Joseph v City of New York, 122 AD3d 800, 801 [2014]; Martinez v 1261 Realty Co., LLC, 121 AD3d 955 [2014]). Thus, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismiss-

ing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either need not be reached in light of our determination, or are improperly raised for the first time on appeal. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.