■ Khadija Stevens, Respondent, v Diane Benjamin et al., Appellants. [43 NYS3d 907]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated February 1, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell while walking down a set of exterior steps in front of the defendants' house. The plaintiff alleges that the defendants negligently painted the steps with a type of paint that was not intended for use on exterior stairs in violation of sections 27-375 and 27-376 of the Administrative Code of the City of New York. After discovery had been completed, the defendants moved for summary judgment dismissing the complaint, contending that they maintained the premises in a reasonably safe condition. The Supreme Court denied the motion, and the defendants appeal.

Contrary to the defendants' contention, they failed to make a prima facie showing of their entitlement to judgment as a matter of law. The defendants did not address the plaintiff's specific allegations that the exterior steps violated Administrative Code §§ 27-375 and 27-376, and thus failed to establish, prima facie, either that the steps were in compliance with those sections, or that those sections were inapplicable (*see Savekina v New York City Tr. Auth.*, 131 AD3d 1156 [2015]; *Costen v Cohen*, 124 AD3d 819, 820 [2015]; *Joseph v City of New York*, 122 AD3d 800, 801 [2014]; *Martinez v 1261 Realty Co., LLC*, 121 AD3d 955, 956 [2014]). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.