■ Bogdan Cristescu, Appellant, v John Gasparis et al., Respondents. [47 NYS3d 738]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated November 20, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when he awoke in his apartment to find that his living room was on fire and he was forced to run through the flames to exit through the front door of the apartment. The plaintiff commenced this action against the owners of the building, alleging that they were negligent in failing to install a smoke detector in the apartment. The defendants moved for summary judgment dismissing the complaint, arguing that there was a smoke detector inside the apartment, and, in any event, that the plaintiff failed to offer any evidence that the alleged failure to install a smoke detector proximately caused his injuries. The Supreme Court granted the defendants' motion.

In support of their motion, the defendants submitted contradictory evidence as to whether a smoke detector was installed in the plaintiff's apartment, and thus failed to eliminate questions of fact as to that issue (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731 [2016]; Taylor v New York City Hous. Auth., 116 AD3d 695 [2014]). Additionally, the defendants failed to establish, prima facie, that the absence of a smoke detector was not a proximate cause of the plaintiff's injuries, since, with respect to this issue, they merely pointed

to gaps in the plaintiff's case (*see Savekina v New York City Tr. Auth.*, 131 AD3d 1156 [2015]; *Taylor v New York City Hous. Auth.*, 116 AD3d 695 [2014]; *Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 857, 859 [2009]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.