■ GURAMRIT HANSPAL, Appellant, v WASHINGTON MUTUAL BANK et al., Respondents. [61 NYS3d 324]—

Appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 24, 2015. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend the complaint.

Ordered that the appeal from so much of the order as denied the plaintiff's cross motion for leave to amend the complaint is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the third cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

In 1998, the plaintiff obtained a mortgage loan from the defendant Washington Mutual Bank (hereinafter Washington Mutual) on his property in East Meadow (hereinafter the subject property). Washington Mutual later instituted a mortgage foreclosure action against the plaintiff, obtaining a judgment of foreclosure and sale in 2000. The plaintiff subsequently moved in the foreclosure action to stay the sale of the subject property until he was served with the judgment of foreclosure and sale and with the notice of sale, based on his allegations that he was not properly served with these documents and that he had learned of the scheduled foreclosure sale from the newspaper. The Supreme Court denied that motion. In 2008 the defendant JPMorgan Chase Bank (hereinafter JPMorgan) acquired Washington Mutual's assets and liabilities, and in 2010, JPMorgan commenced an eviction action against the plaintiff. In the eviction action, the District Court, Nassau County, in a judgment dated February 10, 2014, awarded possession of the subject property to JPMorgan as successor in interest to Washington Mutual. The Appellate Term affirmed this judgment.

The plaintiff subsequently commenced this action against Washington Mutual and JPMorgan. The plaintiff seeks to "cancel" the foreclosure and eviction actions. He also alleges that during the eviction, the movers caused $50,000 in damage to his personal property, and seeks to recover damages in that sum. The defendants moved, inter alia, for summary judgment dismissing the complaint, and the plaintiff cross-moved for leave to amend his complaint. The Supreme Court granted that branch of the defendants' motion which was for summary

judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend his complaint. The plaintiff appeals.

The defendants correctly contend that the plaintiff did not argue before the Supreme Court that the defendants waived the defense of collateral estoppel by failing to plead it in their answer. Nonetheless, this Court may review this waiver argument because it presents a question of law which could not have been avoided if brought to the Supreme Court's attention at the proper juncture (*see Gutierrez v State of New York*, 58 AD3d 805, 807 [2009]). Contrary to the plaintiff's argument on appeal, the defendants did not waive this defense, as the plaintiff was not surprised or prejudiced by the defendants' collateral estoppel argument raised in their motion for summary judgment, and he had a full and fair opportunity to contest this argument in opposition to that motion (*see e.g. Giraldo v Washington Intl. Ins. Co.*, 103 AD3d 775, 776 [2013]; *Sullivan v American Airlines, Inc.*, 80 AD3d 600, 602 [2011]; *Cangialosi v Hallen Constr. Corp.*, 282 AD2d 565, 566 [2001]; *International Fid. Ins. Co. v Robb*, 159 AD2d 687, 689 [1990]).

The defendants demonstrated, prima facie, that collateral estoppel barred the plaintiff's first cause of action, which was to "cancel" the foreclosure action, and that res judicata barred his second cause of action, which was to "cancel" the eviction action. With respect to the first cause of action, the plaintiff alleged in his complaint that he was not properly served with the judgment of foreclosure and sale or with the notice of sale. The defendants submitted with their motion for summary judgment the plaintiff's order to show cause from the foreclosure action, in which he sought to stay the sale of the subject property until he was served with the judgment of foreclosure and sale and with the notice of sale, his affidavit in support of the order to show cause, in which he asserted that he had not received those documents and that he had learned of the sale from the newspaper, and the order denying that motion on the ground that the plaintiff's attorney of record was the proper person upon whom to serve documents. These exhibits established, prima facie, "the identity of the issues in the present litigation and the prior determination" and that the issue was decided against the plaintiff in the foreclosure action (*Mahl v Citibank*, 234 AD2d 348, 349 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the issue of the alleged improper service was "material to the first action and essential to the decision rendered therein" or as to whether he "had a full and fair opportunity to contest the matter in the

prior action" (*SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 676 [2015] [internal quotation marks omitted]; *see Mahl v Citibank*, 234 AD2d at 349). Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.

The defendants further demonstrated, prima facie, that res judicata barred the plaintiff's second cause of action, in which the plaintiff challenged JPMorgan's standing. As the defendants established, JPMorgan acquired Washington Mutual's assets and liabilities in 2008 and commenced the eviction action in 2010. The plaintiff, who actively participated in the eviction action, could have challenged, but did not challenge, JPMorgan's standing in that action (*see Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 650 [2013]; *Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 263 [2010]). The District Court, Nassau County, rendered a final judgment in that action, which was upheld on appeal. Thus, any claims that the plaintiff could have raised against the present defendants in that action are barred by res judicata (*see Breslin Realty Dev. Corp.*, 72 AD3d at 263). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.

As to the plaintiff's third cause of action, which was to recover damages for the alleged injury to his property incurred during the eviction, the defendants did not establish their prima facie entitlement to judgment as a matter of law, as the defendants merely pointed to gaps in the plaintiff's case (*see Savekina v New York City Tr. Auth.*, 131 AD3d 1156, 1156 [2015]; *Walinchus v Lubeck*, 124 AD3d 631, 632-633 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]). The defendants presented no evidence to affirmatively demonstrate the merit of their defense (*see Savekina v New York City Tr. Auth.*, 131 AD3d at 1156). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the third cause of action regardless of the sufficiency of the plaintiff's opposition papers (*see Savekina v New York City Tr. Auth.*, 131 AD3d at 1156-1157; *Walinchus v Lubeck*, 124 AD3d at 633; *Campbell v New York City Tr. Auth.*, 109 AD3d at 456).

"It is the obligation of the appellant to assemble a proper record on appeal" (*425 E. 26th St. Owners Corp. v Beaton*, 128

AD3d 766, 767 [2015]). Here, the record on appeal is inadequate to determine whether the Supreme Court correctly denied the plaintiff leave to amend his complaint, as the plaintiff failed to include his proposed amended complaint in the record on appeal, thus rendering it impossible to determine whether the proposed amended complaint was palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Strunk v Paterson*, 145 AD3d 700, 701 [2016]; *425 E. 26th St. Owners Corp. v Beaton*, 128 AD3d at 767). Accordingly, the appeal from so much of the order as denied the plaintiff's cross motion for leave to amend the complaint must be dismissed (*see 425 E. 26th St. Owners Corp. v Beaton*, 128 AD3d at 767).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.