Lamberti v Plaza Equities, LLC (2018 NY Slip Op 03345)





Lamberti v Plaza Equities, LLC


2018 NY Slip Op 03345


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-00257
 (Index No. 5244/13)

[*1]Mary M. Lamberti, appellant, 
v
Plaza Equities, LLC, et al., defendants, Lawrence A. Cline, respondent.


Michael T. Lamberti, New York, NY, for appellant.
Greenberg Freeman LLP, New York, NY (Sanford H. Greenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered November 17, 2015. The order granted the motion of the defendant Lawrence A. Cline for leave to amend his answer and for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The background facts as to this action and a related mortgage foreclosure action are set forth in this Court's decision and order on a companion appeal (see Lamberti v Plaza Equities, LLC, _____ AD3d _____ [Appellate Division Docket No. 2015-06766; decided herewith]). In an order entered November 17, 2015, the Supreme Court granted the motion of the defendant Lawrence A. Cline for leave to amend his answer and for summary judgment dismissing the amended complaint insofar as asserted against him. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting that branch of Cline's motion which was for leave to amend his answer to assert the affirmative defense of collateral estoppel, predicated on determinations made in the mortgage foreclosure action commenced against the plaintiff. The proposed amendment to assert the collateral estoppel defense did not result in prejudice or surprise to the plaintiff and was not palpably insufficient or patently devoid of merit (see Cappezzano Constr. Corp. v Weinberger, 150 AD3d 811; Coleman v Worster, 140 AD3d 1002).
Furthermore, we agree with the Supreme Court that Cline was entitled to summary judgment dismissing the amended complaint insofar as asserted against him based on the doctrine of collateral estoppel. Cline demonstrated, prima facie, that the issues raised by the plaintiff in this action were decided against her in the prior mortgage foreclosure action and that the plaintiff had a full and fair opportunity to litigate those issues in that action. In opposition, the plaintiff failed to raise a triable issue of fact (see Hanspal v Washington Mut. Bank, 153 AD3d 1329).
The parties' remaining contentions need not be reached in light of our determination.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court