Carrington Mtge. Servs., LLC v Sudano (2019 NY Slip Op 05272)





Carrington Mtge. Servs., LLC v Sudano


2019 NY Slip Op 05272


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


212 CA 18-01800

[*1]CARRINGTON MORTGAGE SERVICES, LLC, PLAINTIFF-APPELLANT,
v
LINDA M. SUDANO, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






JEFFREY A. KOSTERICH, LLC, TUCKAHOE (MICHAEL LI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
CASEY E. CALLANAN, CHEEKTOWAGA, FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 5, 2018. The order dismissed plaintiff's action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order dismissing its action against, among others, Linda M. Sudano (defendant) on the ground that plaintiff failed to establish that it is the holder or assignee of both the note and mortgage. We affirm.
Plaintiff contends that the doctrine of collateral estoppel barred Supreme Court from reexamining the issue of plaintiff's standing because the court had already granted plaintiff's motion for summary judgment and dismissed defendant's affirmative defense that plaintiff lacked standing. We reject that contention. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Here, there is no such prior action or proceeding. Moreover, the court had authority to reexamine its prior ruling on the issue of standing inasmuch as "every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action" (Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see Kleinser v Astarita, 61 AD3d 597, 598 [1st Dept 2009]; Matter of International Assn. of Bridge, Structural & Ornamental Iron Workers, Local Union No. 6, AFL-CIO v State of New York, 280 AD2d 713, 714 [3d Dept 2001]).
We reject plaintiff's further contention that the court erred in determining that plaintiff failed to establish that it was the holder or assignee of the note. To establish standing, plaintiff was required to show that, " at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note' " (Bank of N.Y. Mellon v McClintock, 138 AD3d 1372, 1373-1374 [3d Dept 2016]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362 [2015]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279-280 [2d Dept 2011]), but here the record is inadequate to determine the date when the action was commenced, and it is likewise inadequate to determine the date or dates when plaintiff was an assignee or holder of the note and mortgage. We are unable to determine when the action was commenced inasmuch as plaintiff failed to include the summons and complaint in the record on appeal. Although there are indications in the record that the summons and complaint were filed on May 29, 2015, with service on defendant on June 13, 2015, we note that the order granting plaintiff's motion for summary judgment reflects that such relief was being granted on a complaint filed on April 5, 2016. Plaintiff contends that a copy of the note with a written [*2]endorsement to plaintiff "was presented at the time of the commencement of the action," but there is no evidence of that in the record on appeal, nor is there any evidence establishing to whom such documents were "presented."
Compounding the confusion is the fact that the record reflects that plaintiff made an assignment to another entity sometime after plaintiff's alleged acquisition of the mortgage and/or note in or around April 2014. It is unclear from the record, however, when that assignment took place and whether plaintiff assigned to the other entity the mortgage, the note, or both. Thus, even if on this record we were able to determine when the action was commenced, we would be unable to determine whether plaintiff was a holder or assignee of the note and mortgage on that date. It was plaintiff's obligation as the appellant in this case to assemble a proper record on appeal to support its contentions (see Elwell v Shumaker, 158 AD3d 1133, 1134-1135 [4th Dept 2018]; see generally Hanspal v Washington Mut. Bank, 153 AD3d 1329, 1332-1333 [2d Dept 2017]; Lamini v Baroda Props., Inc., 128 AD3d 910, 911 [2d Dept 2015]), and its failure to do so compels us to affirm the court's order inasmuch as there is no evidence in the record establishing that plaintiff was the holder or assignee of the note on the date that this action was commenced.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court