Rohan v Kew Realty, LLC (2021 NY Slip Op 07568)





Rohan v Kew Realty, LLC


2021 NY Slip Op 07568


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-13940
 (Index No. 703042/12)

[*1]Patrick James Rohan, et al., respondents,
v
Kew Realty, LLC, appellant.


Kaufman Borgeest & Ryan LLP (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh and Blair Greenwald], of counsel), for appellant.
Sonin & Genis (Alexander J. Wulwick, New York, NY, of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered August 1, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaints.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced separate actions to recover damages for injuries they allegedly sustained in a fire that broke out in the kitchen of an apartment they rented from the defendant in Flushing. The plaintiffs alleged, among other things, that the defendant failed to provide them with a working smoke detector. The actions were subsequently consolidated. Following discovery, the defendant moved for summary judgment dismissing the complaints. In an order entered August 1, 2018, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaints (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the defendant's contention, it failed to establish, prima facie, that it provided the plaintiffs with a working smoke detector prior to the subject fire or that the absence of a working smoke detector was not a proximate cause of the plaintiffs' injuries (see Administrative Code of City of NY § 27-2045[a][1]; Cristescu v Gasparis, 148 AD3d 669, 669-670; Taylor v New York City Hous. Auth., 116 AD3d 695, 695-696). Although the plaintiffs both testified at their depositions that a smoke detector was present in the apartment prior to the fire, the Fire Marshal testified that no smoke detector was observed in the apartment following the fire, and the building superintendent testified to having no knowledge as to whether a smoke detector had been installed in the apartment prior to the fire. In addition, the plaintiff Patrick Bryan Rohan testified that he did not hear a smoke alarm sound in the apartment until after the kitchen was engulfed in flames and he had already made several attempts to escape the apartment. The defendant's failure to make a prima facie showing required the denial of its motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court