■ HELENA COSTEN, Appellant, v CHARLES COHEN et al., Respondents. [2 NYS3d 552]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated December 18, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff was shopping at a retail variety store owned and operated by the defendants. The plaintiff alleges that, after entering the store, she descended an internal staircase, which had "open risers" (open space between steps), to the lower level of the store in search of a particular pocketbook. Thereafter, unable to locate the desired item, she ascended the same internal staircase in order to exit the store. Before reaching the top, the plaintiff's left foot got "caught" in one of the open risers and she fell, sustaining injuries. Following the completion of discovery, the defendants moved for summary judgment. The Supreme Court granted the motion, and the plaintiff appeals.

The Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. "[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *see Lipari v Town of Oyster Bay*, 116 AD3d 927 [2014]; *Miller v Village of E. Hampton*, 98 AD3d 1007 [2012]). In the instant matter, the defendants failed to establish their prima facie entitlement to judgment as a matter of law because they did not address specific claims in the plaintiff's supplemental bill of particulars that the subject staircase was in a hazardous condition due to conditions including the lack of uniformity of the open risers (*see Joseph v City*

*of New York*, 122 AD3d 800 [2014]; *Martinez v 1261 Realty Co., LLC*, 121 AD3d 955 [2014]). Since the defendants did not demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.