Samuelsen v Wollman Rink Operations LLC (2022 NY Slip Op 00149)





Samuelsen v Wollman Rink Operations LLC


2022 NY Slip Op 00149


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 150046/16 Appeal No. 14874 Case No. 2020-03829 

[*1]Diane Samuelsen, Plaintiff-Respondent,
v
Wollman Rink Operations LLC et al., Defendants-Appellants-Respondents, Classic Carpet Showroom, Inc., Defendant-Respondent-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellants-respondents.
Law Offices of Kevin J. Philbin, New York (Michael P. Beckley of counsel), for respondent-appellant.
Gersowitz Libo & Korek, P.C., New York (Anthony Makarov of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 19, 2020, which denied defendants Wollman Rink Operations LLC and the Trump Organization, Inc.'s (together, WRO) and Classic Carpet Showroom Inc.'s (Classic) motions for summary judgment dismissing the complaint and cross claims against them, unanimously modified, to dismiss the complaint and the cross claims against Classic, and otherwise affirmed, without costs.
Plaintiff testified that she stepped off an ice rink and onto an entrance ramp that had uneven matting and lumpy ice buildups, that her skates got stuck and that she fell, hitting her head. Defendants failed to establish that the assumption of risk doctrine bars plaintiff's claim as a matter of law. The alleged lumpy ice and uneven matting on the ramp cannot be found on this record to constitute an inherent risk of the sport of ice skating, as opposed to a defective condition occurring in the ordinary course of maintenance (see Morgan v State of New York, 90 NY2d 471, 485-486, 488-489 [1997]; Samuels v Town Sports Intl., LLC, 174 AD3d 429, 429-430 [1st Dept 2019]). Moreover, questions of fact exist as to whether the allegedly hazardous conditions unreasonably increased the risk of falling (Morgan, 90 NY2d at 484-485).
Defendants also failed to establish their entitlement to summary judgment based on plaintiff's alleged inability to identify the cause of her fall. The deposition testimony submitted by defendants in support of their motions provided a nonspeculative basis for plaintiff's version of the accident, and sufficiently established a nexus between the allegedly hazardous conditions and the circumstances of her fall (see PeÑa v Tyrax Realty Mgt., Inc., 150 AD3d 440, 440 [1st Dept 2017]).
Assuming the lack of handrails in the area where plaintiff fell was not a hazardous condition, WRO failed to establish that it lacked constructive notice of the uneven matting and lumpy ice buildup (see generally Early v Hilton Hotels Corp., 73 AD3d 559, 560-561 [1st Dept 2010]). The deposition testimony relied on by WRO established that multiple witnesses saw the ice buildup and that it was visible and existed for a period of time preceding plaintiff's fall. WRO did not establish when the ramp was last inspected before plaintiff's accident, and issues of fact exist as to whether the ice buildup existed for a sufficient length of time prior to plaintiff's accident to permit WRO to discover and remedy it (see id.; Yuk Ping Cheng Chan v Young T. Lee & Son Realty Corp., 110 AD3d 637, 637 [1st Dept 2013]). Plaintiff also raised issues of fact through expert testimony as to whether the ice was present long enough to permit its discovery.
However, the complaint and cross claims against Classic should have been dismissed. The record shows that WRO purchased the ramp matting from Classic and that Classic installed the matting. Classic owed no duty to plaintiff, and there was no contract between WRO and Classic. Thus, contrary [*2]to plaintiff's argument, Classic has no tort liability based upon Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]), where under certain circumstances, a duty of care to noncontracting third parties may arise out of a contractual obligation. In any event, even if there had been a contractual relationship between WRO and Classic, the record does not raise any triable issue as to whether Classic "launche[d] a force or instrument of harm" (id. at 140 [internal quotation marks omitted]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022