San Antonio v 340 Ridge Tenants Corp. (2022 NY Slip Op 02298)

San Antonio v 340 Ridge Tenants Corp.

2022 NY Slip Op 02298

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2019-10079
 (Index No. 57156/17)

[*1]Joanne M. San Antonio, appellant, 
v
340 Ridge Tenants Corp., etc., et al., respondents (and a third-party action).

Baker, Leshko, Saline & Drapeau, LLP, White Plains, NY (Betsy DeSoye of counsel), for appellant.
Catania, Mahon & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated August 5, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On March 16, 2017, at approximately 3:30 p.m., the plaintiff allegedly was injured when she slipped on water that had accumulated on the entrance landing to the staircase leading down to her garden level apartment. Although the area containing the landing had a roof and was enclosed on three sides, it was exposed to the elements on one side. In 2015, the wood surface of the landing was replaced with a composite decking material, which was in place at the time of the plaintiff's accident.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff alleged, inter alia, that a dangerous condition existed on the landing at the time of the accident; that the defendants were negligent in using the composite decking material, as it allowed water to accumulate on the walking surface; and that the landing violated certain provisions of the Building Code of New York State (hereinafter the Building Code). The defendants moved for summary judgment dismissing the complaint, contending, among other things, that the plaintiff could not identify the cause of her accident, that the plaintiff could not establish that a dangerous condition existed, and that they did not create or have actual or constructive notice of the allegedly dangerous condition. The Supreme Court granted the motion, and the plaintiff appeals.
In order to impose liability upon a defendant in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous or defective condition (see Sadowsky v 2175 Wantagh Ave. Corp., 281 AD2d 407, 407). In support of their motion, the defendants submitted the transcripts of the depositions of the plaintiff and the superintendent of the property. At her deposition, the plaintiff testified that at the time of her accident, there was a thin layer of water on the landing. At his deposition, the superintendent for the property testified that the landing was wet [*2]from melting snow, which was consistent with the plaintiff's deposition testimony that on the day of her accident, there was approximately a foot of melting snow piled up on the side of the exterior walkway leading to the landing. Although "[t]he mere fact that an outdoor walkway or stairway becomes wet from precipitation is insufficient to establish the existence of a dangerous condition" (Derosa v Zaliv, LLC, 189 AD3d 1355, 1356; see Marchese v Skenderi, 51 AD3d 642, 643), here, the plaintiff's pleadings also alleged that the defendants affirmatively created the dangerous condition that caused the accident through negligence in the design and renovation of the landing, which allowed water to accumulate on the walking surface and violated certain provisions of the Building Code (see Costen v Cohen, 124 AD3d 819, 819; Carlucci v Village of Scarsdale, 104 AD3d 797, 798). Consequently, the defendants were required to address those issues satisfactorily as part of their initial burden on their motion for summary judgment (see Lopez-Serrano v Ochoa, 149 AD3d 1063, 1063; Carlucci v Village of Scarsdale, 104 AD3d at 798; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214).
Contrary to the defendants' contentions, the affidavit of Jason A. Pitingaro, the defendants' expert engineer, and the affidavit of Chris Scoville, a representative of Trex Company, Inc. (hereinafter Trex), which allegedly made the composite decking material used on the surface of the landing, failed to establish, prima facie, that the landing was not in a dangerous or defective condition due to the use of the composite decking material. Scoville described certain slip-resistance tests that were purportedly performed on the composite decking material. However, the basis for his knowledge of the tests were documents attached to his affidavit, and he failed to lay the proper foundation for the admission of those documents under the business records exception to the hearsay rule (see CPLR 4518[a]), since he failed to attest that he was personally familiar with Trex's record-keeping practices and procedures (see American Home Mtge. Servicing, Inc. v Carnegie, 181 AD3d 632, 633; Nationstar HECM Acquisition Trust 2015-2, Wilmington Sav. Fund Socy., FSB v Andrews, 167 AD3d 1025, 1027; Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 926). As such, Scoville's description of the purported tests performed upon the composite decking material was inadmissible hearsay (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 206). Further, Pitingaro's affidavit relied upon the inadmissible hearsay in Scoville's affidavit, and although Pitingaro inspected the landing, he did not describe performing his own tests upon it (see San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 592). Accordingly, the defendants failed to establish, prima facie, that a dangerous condition did not exist on the landing (see Costen v Cohen, 124 AD3d at 819; cf. Grinberg v Luna Park Hous. Corp., 69 AD3d 793; Cavorti v Winston, 307 AD2d 1018, 1019; Sadowsky v 2175 Wantagh Ave. Corp., 281 AD2d at 407).
"In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Gorokhovskiy v NYU Hosps. Ctr., 150 AD3d 966, 967; see Wittman v Nespola, 190 AD3d 1012, 1013). Contrary to the plaintiff's contention, the defendants may not be held liable merely because they created the allegedly dangerous condition by directing the installation of the composite decking material on the landing. "[A]bsent a statute imposing strict liability, a defendant may not be held liable for creating a dangerous or defective condition upon property unless the defendant had actual, constructive, or imputed knowledge of the danger created" (Walsh v Super Value, Inc., 76 AD3d 371, 372).
Nevertheless, here, the defendants failed to establish, prima facie, that they did not have actual or constructive notice of the alleged danger created (see id. at 377). Pitingaro's opinion that the composite decking material was appropriate to use for the landing is based upon inadmissible hearsay, for the reasons described above, and, as such, lacks probative value. Although Pitingaro stated in his affidavit that the defendants' contractor presented the composite decking material to the defendants as an appropriate and code-compliant material for use on the landing, that statement is also inadmissible hearsay. There is no evidence in the record that the contractor told the defendants that the composite decking material was code compliant, and there is no evidence in the record that the defendants considered whether the composite decking material was sufficiently slip-resistant. Further, the defendants failed to eliminate triable issues of fact as to whether the wet condition on the landing existed for a sufficient length of time for it to be discovered and remedied, as the plaintiff testified at her deposition that the landing had a "coating" of moisture at approximately 7:00 a.m. on the morning of the accident (see Roy v City of New York, 65 AD3d 1030, [*3]1031).
Contrary to the defendants' contention, the evidence they relied upon in support of their motion, which included a transcript of the plaintiff's deposition testimony, failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her fall without engaging in speculation (see Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633, 634; Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court