Fiorentino v Uncle Giuseppe's of Port Wash., Inc. (2022 NY Slip Op 05023)

Fiorentino v Uncle Giuseppe's of Port Wash., Inc.

2022 NY Slip Op 05023

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-01779
 (Index No. 613608/18)

[*1]Jasun Fiorentino, et al., respondents, 
v
Uncle Giuseppe's of Port Washington, Inc., appellant.

Martyn, Martyn, Smith, Murray and Yong, Mineola, NY (David W. Allen and David Smith of counsel), for appellant.
Wooster & Wooster LLP, Garden City, NY (Scott Wooster of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered February 8, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 23, 2018, the plaintiff Jasun Fiorentino (hereinafter the injured plaintiff) was shopping in the defendant's store in Port Washington. While the injured plaintiff was in the process of checking out, he reached down to grab an item from the lower shelf of a metal rack located at the beginning of the check-out counter. As he attempted to extend his reach, his right leg came into contact with a store cashier walking to his register. The contact caused the injured plaintiff to strike his head on a portion of the metal rack and sustain injuries, requiring, inter alia, two staples to his scalp.
In October 2018, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint. In an order entered February 8, 2021, the Supreme Court denied the motion, and the defendant appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). There can be more than one proximate cause of an accident, and a defendant moving for summary judgment must show that it is free from fault (see Gobin v Delgado, 142 AD3d 1134, 1135). Generally, it is for the trier of fact to determine the issue of proximate cause (see M.M.T. v Relyea, 177 AD3d 1013, 1013; Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889).
Here, the defendant failed to establish, prima facie, that the injured plaintiff's lifting of his leg was the sole proximate cause of the incident and that the defendant's employee was free from fault (see Boulos v Lerner-Harrington, 124 AD3d at 709; Espinoza v Coca-Cola Bottling Co. [*2]of N.Y., Inc., 121 AD3d 640, 641). Since the defendant failed to make a prima facie showing, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court