Dilorenzo v Nunziatto (2022 NY Slip Op 05839)

Dilorenzo v Nunziatto

2022 NY Slip Op 05839

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-12682
 (Index No. 609945/15)

[*1]Lucille Dilorenzo, respondent, 
v
Joseph Nunziatto, appellant.

McCauley Law Firm, PLLC, White Plains, NY (Todd M. McCauley of counsel), for appellant.
Suris & Associates, P.C., Melville, NY (Brian T. Murtha and Susan R. Nudelman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated September 26, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly fractured her ankle while descending a staircase in the defendant's home. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. In an order dated September 26, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
In a premises liability case," a defendant real property owner who moves for summary judgment has the initial burden of making a prima facie showing that [he or she] neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Deutsch v Green Hills [USA], LLC, 202 AD3d 909, 910). A defendant can also establish his or her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff is unable to identify the cause of his or her accident (see Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d 1060, 1061).
Here, the defendant failed to establish, prima facie, his entitlement to judgment as a matter of law dismissing the complaint based on the plaintiff's alleged inability to identify what caused her alleged accident (see San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713; Samuelsen v Wollman Rink Operations LLC, 201 AD3d 490; Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633). The defendant also failed to establish, prima facie, that a dangerous condition did not exist on the staircase (see San Antonio v 340 Ridge Tenants Corp., 204 AD3d at 715; Costen v Cohen, 124 AD3d 819, 819), or that he lacked actual or constructive notice of the alleged dangerous condition (see Chuqui v Amna, LLC, 203 AD3d 1018, 1023; Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1352). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency [*2]of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court