Dembele v Action Carting Envtl. Servs., Inc. (2022 NY Slip Op 07029)

Dembele v Action Carting Envtl. Servs., Inc.

2022 NY Slip Op 07029

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 152346/13 Appeal No. 16869 Case No. 2021-00939 

[*1]Youssouf Dembele, Plaintiff-Respondent,
v
Action Carting Environmental Services, Inc., et al., Defendants-Appellants, DHG New York Hotel Management Company, LLC, et al., Defendants.

McGaw & Alventosa, Jericho (Mary C. Azzaretto of counsel), for Action Carting Environmental Services, Inc., appellant.
Strongin Rothman & Abrams, LLP, New York (Martin M. Adler of counsel), for BCRE Grand Street Owner LLC, BCRE Grand Hotel LLC, BCRE Grand Restaurant LLC and BCRE Grand Cafe, LLC, appellants.
Edelman, Krasin & Jaye, PLLC, Westbury (Monica P. Becker of counsel), for respondent.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about September 14, 2020, which, to the extent appealed from, denied defendants Action Carting Environmental Services, Inc., BCRE Grand Street Owner LLC, BCRE Grand Hotel LLC, BCRE Grand Restaurant LLC, and BCRE Grand CafÉ, LLC's motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Supreme Court correctly held that the successive summary judgment motions were improper (see Pough v Aegis Prop. Servs. Corp., 186 AD2d 52, 53 [1st Dept 1992] ["[A]s a matter of policy, multiple summary judgment motions are discouraged in the absence of newly discovered evidence or 'other sufficient cause'"]). Plaintiff's subsequent testimony as to the cause of his fall was consistent with his initial deposition upon which the original motions were decided, and the subsequent testimony did not change defendants' failure to establish a lack of constructive notice (see Brown Harris Stevens Westhampton LLC v Gerber, 107 AD3d 526, 527 [1st Dept 2013]). Plaintiff's testimony that he slipped or slid on cardboard in an area that was wet, oily, and dirty was consistent in both depositions and sufficiently identified the cause of the accident (see Samuelsen v Wollman Rink Operations LLC, 201 AD3d 490, 491 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022