Moe-Salley v Highbridge House Ogden, LLC (2023 NY Slip Op 01187)

Moe-Salley v Highbridge House Ogden, LLC

2023 NY Slip Op 01187

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-04126
 (Index No. 68470/18)

[*1]Violet Moe-Salley, appellant,
v
Highbridge House Ogden, LLC, respondent.

Mirman Markovits & Landau, P.C., New York, NY (David Weissman of counsel), for appellant.
Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Kenneth J. Kutner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 12, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff, who lived in an apartment in a building owned by the defendant, commenced this action to recover damages she allegedly sustained when she fell while getting out of the shower. The plaintiff testified at her deposition that her knee buckled as she stepped out of the shower, causing her to lose her balance, that she grabbed a vanity to regain her balance, and that the vanity shifted away from the wall, causing her to fall. The defendant moved for summary judgment dismissing the complaint, and in an order dated May 12, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that [it] was not at fault in the happening of the subject accident'" (Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d 757, 757-758, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "There can be more than one proximate cause of an accident, and a defendant moving for summary judgment must show that it is free from fault" (Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d at 758; see Cox v Nunez, 23 AD3d 427). "'Generally, it is for the trier of fact to determine the issue of proximate cause'" (Rampersaud v Hsieh Hsu Mach. Co., 196 AD3d 614, 616, quoting Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1288 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that the plaintiff losing her balance due to her knee buckling was the sole proximate cause of the accident and that the defendant was free from fault in the happening of the accident (see Fiorentino v Uncle Giuseppe's of Port Wash., Inc., 208 AD3d at 758). In support of its motion, the defendant submitted, inter alia, the transcript of the plaintiff's deposition testimony, at which she testified that, after she lost her balance [*2]due to her knee buckling and she grabbed the vanity with one hand, the vanity moved about five inches away from the wall, "and when it moved I lost my balance even more and that's when I fell." Moreover, the plaintiff testified that the vanity had been installed around "a couple of weeks" prior to the accident. The defendant also submitted the transcript of the deposition testimony of the superintendent for the apartment building, who testified that a vanity which had been properly installed should not move away from the bathroom wall through "normal use." Thus, while the defendant established, prima facie, that the fall was precipitated by the plaintiff losing her balance when her knee buckled, the defendant failed to eliminate triable issues of fact as to whether the vanity should not have moved away from the wall when grabbed and whether the vanity shifting was a proximate cause of the plaintiff's fall (see Abraham v Dutch Broadway Assoc. L.L.C., 192 AD3d 550, 550-551; Kraft v Loso, 154 AD3d 1265, 1267; Mercedes v Menella, 34 AD3d 655, 656; Medina v 203 W. 109th St. Realty Corp., 16 AD3d 220).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court