Bennett v DA Assoc., LLC (2023 NY Slip Op 02997)

Bennett v DA Assoc., LLC

2023 NY Slip Op 02997

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-00494
 (Index No. 7149/17)

[*1]Alexandria Bennett, et al., respondents-appellants,
v
DA Associates, LLC, defendant third-party plaintiff appellant-respondent; All-Pro, third-party defendant-respondent.

Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Michael F. Harris of counsel), for defendant third-party plaintiff appellant-respondent.
Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for respondents-appellants.
Craig P. Curcio, Middletown, NY (Ryan Bannon of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated December 19, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant third-party plaintiff which were for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the third-party cause of action for common-law indemnification. The order, insofar as cross-appealed from, granted the motion of the defendant third-party plaintiff, in effect, to strike the plaintiffs' supplemental bill of particulars.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from,
without costs or disbursements.
On the evening of June 19, 2017, the plaintiff Alexandria Bennett (hereinafter the injured plaintiff), while attempting to descend an exterior staircase at her place of employment, slipped on the landing thereof and fell down the staircase. At the time of the accident, it was raining outside. The building was owned by the defendant third-party plaintiff, DA Associates, LLC (hereinafter DA Associates). The staircase had recently been installed by the third-party defendant, All-Pro, pursuant to a contract with DA Associates.
The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against DA Associates, alleging that DA Associates was negligent. DA Associates commenced a third-party action against All-Pro for contribution and indemnification.
After discovery was complete, DA Associates moved, inter alia, for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the third-party cause of action for common-law indemnification. DA Associates separately moved, in effect, to strike the plaintiffs' supplemental bill of particulars. In an order dated December 19, 2019, the Supreme Court, among other things, denied those branches of DA Associates' motion which were for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the third-party cause of action for common-law indemnification, and granted DA Associates' separate motion, in effect, to strike the plaintiffs' supplemental bill of particulars. DA Associates appeals, and the plaintiffs cross-appeal.
Although "[t]he mere fact that an outdoor walkway or stairway becomes wet from precipitation is insufficient to establish the existence of a dangerous condition" (Derosa v Zaliv, LLC, 189 AD3d 1355, 1356; see San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 714), here, the plaintiffs' bill of particulars alleged that DA Associates affirmatively created the dangerous condition that caused the injured plaintiff's accident through its negligence in, among other things, constructing the staircase without proper edging, and in failing to make the staircase reasonably safe for the public. Contrary to its assertions on appeal, DA Associates failed to establish, prima facie, that a dangerous or defective condition did not exist on the landing of the staircase at the time of the accident for which it was liable to the plaintiffs (see San Antonio v 340 Ridge Tenants Corp., 204 AD3d at 715; cf., Grinberg v Luna Park Hous. Corp., 69 AD3d 793). Since DA Associates failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the complaint without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, since DA Associates failed to establish, prima facie, that it was not negligent, it failed to establish its prima facie entitlement to judgment as a matter of law on the third-party cause of action for common-law indemnification (see Rehberger v Garguilo & Orzechowski, LLP, 118 AD3d 767, 770). Accordingly, the Supreme Court properly denied that branch of DA Associates' motion which was, in the alternative, for summary judgment on that third-party cause of action without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiffs' remaining contention is without merit.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court