McGlynn v Burns & Harris, Esq. (2024 NY Slip Op 00187)

McGlynn v Burns & Harris, Esq.

2024 NY Slip Op 00187

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-05725
 (Index No. 600930/16)

[*1]William McGlynn, appellant, 
v
Burns & Harris, Esq., et al., respondents, et al., defendants.

Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for appellant.
Dorf & Nelson LLP, Rye, NY (James F. Creighton of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered July 2, 2021. The order granted the motion of the defendants Burns & Harris, Esq., and Allison R. Keenan for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross-motion pursuant to CPLR 3126 to strike those defendants' answer for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Burns & Harris, Esq., and Allison R. Keenan for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2007, the plaintiff retained the defendant Burns & Harris, Esq. (hereinafter the B & H law firm), to represent him in the prosecution of an action to recover damages for personal injuries he allegedly sustained in March 2005 while working for United Parcel Service due to an allegedly defective condition on a loading dock in Brooklyn. The defendant Alison R. Keenan was the attorney assigned to handle the plaintiff's case. The B & H law firm commenced two separate actions on the plaintiff's behalf against alleged owners of the loading dock. The actions were consolidated (hereinafter the personal injury action), and a default judgment against all the defendants in the personal injury action was obtained, awarding the plaintiff the total sum of $255,914.50.
The plaintiff alleged that he was unable to collect the judgment because the insurance providers for the defendants in the personal injury action disclaimed coverage on the ground that timely notice of the claim was not provided. The plaintiff commenced this action against the B & H law firm and Keenan (hereinafter together the law firm defendants), among others, alleging, inter alia, legal malpractice for the failure to investigate and timely notify the applicable insurance carriers in the personal injury action.
The law firm defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff could not demonstrate that he would have prevailed in the personal injury action because the doctrine of judicial estoppel or estoppel [*2]against inconsistent positions would have precluded such recovery. They contended that prior to the commencement of the personal injury action, the plaintiff obtained workers' compensation benefits based upon a claim that he was injured when packages fell on him while he was standing in his delivery truck and moving packages from the loading dock. The law firm defendants argued that the defendant would have been precluded from recovering damages in the personal injury action based upon the inconsistent theory that the loading dock surface was defective. In opposition to the motion, the plaintiff argued, inter alia, that the judicial estoppel doctrine was inapplicable because there were issues of fact as to the cause of the plaintiff's injuries and whether there were multiple causes of his injuries. The plaintiff also cross-moved pursuant to CPLR 3126 to strike the law firm defendants' answer for spoliation of evidence, asserting that they destroyed the files from the personal injury action. In an order entered July 2, 2021, the Supreme Court granted the motion and denied the cross-motion, determining, among other things, that the plaintiff would not be able to prove the causation element of the legal malpractice cause of action due to his contrary position in his workers' compensation claim. The plaintiff appeals.
A plaintiff seeking to recover damages for legal malpractice must establish that "(1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Aqua-Trol Corp. v Wilentz, Goldman & Spitzer, P.A., 197 AD3d 544, 545; see McCoy v Feinman, 99 NY2d 295, 301-302; Gardner v Sacco & Fillas, LLP, 216 AD3d 1139, 1140). "A defendant seeking summary judgment dismissing a legal malpractice cause of action has the burden of establishing prima facie that he or she did not fail to exercise such skill and knowledge, or that the claimed departure did not proximately cause the plaintiff to sustain damages" (Bakcheva v Law Offs. of Stein & Assoc., 169 AD3d 624, 625).
Contrary to the Supreme Court's determination, the law firm defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The law firm defendants' submissions in support of their motion did not establish, prima facie, the absence of at least one element of the legal malpractice cause of action (see Burbige v Siben & Ferber, 152 AD3d 641, 642). "Under the doctrine of judicial estoppel, also known as estoppel against inconsistent positions, a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed" (Bihn v Connelly, 162 AD3d 626, 627; see Archer v Beach Car Serv., Inc., 180 AD3d 857, 861). Here, the plaintiff's allegation that he was injured due to a defect in the loading dock was not necessarily contrary to the position taken in his workers' compensation claim that he suffered injuries while moving heavy boxes on the loading dock. There can be more than one proximate cause of a plaintiff's injuries (see Scurry v New York City Hous. Auth., 39 NY3d 443, 454; Turturro v City of New York, 28 NY3d 469, 483; Moe-Salley v Highbridge House Ogden, LLC, 214 AD3d 722, 722; Reyes v S. Nicolia & Sons Realty Corp., 212 AD3d 851, 852). Accordingly, the court should have denied the law firm defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 3126 to strike the law firm defendants' answer for spoliation of evidence. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890, 891-892). Here, the plaintiff failed to establish that the law firm defendants had an obligation to preserve the case file from the personal injury action or that it was destroyed with a culpable state of mind (see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211; Perez v Tedesco, 214 AD3d 1010, 1012).
In light of our determination, we need not reach the plaintiff's remaining contentions.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court