Medina v Bogdanowicz (2025 NY Slip Op 04900)

Medina v Bogdanowicz

2025 NY Slip Op 04900

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-00069
 (Index No. 606219/20)

[*1]Michael Medina, appellant, 
vKarol Bogdanowicz, et al., respondents.

Law Office of Cohen & Jaffe, LLP (Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (John J. Nicolini and Naadiya Yasin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 26, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries, alleging that he was injured on September 1, 2018, while attending a party at a home owned by the defendants when the second-story deck on which he was standing collapsed. The plaintiff alleged, inter alia, that the deck had "improper structural support." The defendants moved for summary judgment dismissing the complaint. In an order dated September 26, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"In a premises liability case, a defendant property owner . . . who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713, 715 [internal quotation marks omitted]; see Morlan v Atlantic Westerly Co., 214 AD3d 787, 788). "When . . . a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Toro v McComish, 227 AD3d 1120, 1122 [internal quotation marks omitted]; see Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 131 AD3d 470, 472). "In moving for summary judgment on the ground that a defect was latent, a defendant must establish, prima facie, that the defect was indeed latent—i.e., that it was not visible or apparent and would not have been discoverable upon a reasonable inspection" (Agosto v Museum of Modern Art, 219 AD3d 674, 676 [alteration and internal quotation marks omitted]; see Buffalino v XSport Fitness, 202 AD3d 902, 903). Further, "[t]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (Lopez-Serrano v Ochoa, 149 AD3d 1063, 1063 [internal quotation marks omitted]; see San Antonio v 340 Ridge Tenants Corp., 204 AD3d at 714).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, an affidavit from an expert, who opined that the deck collapsed due to a rotted rim joist which was not visible upon inspection. However, "[t]here can be more than one proximate cause of an accident" (Adzei v Edward Bldrs., Inc., 221 AD3d 639, 641 [internal quotation marks omitted]), and the defendants' expert did not opine that a latent defect—a rotted rim joist—was the sole proximate cause of the accident (see Moe-Salley v Highbridge House Ogden, LLC, 214 AD3d 722, 722-723). Moreover, the defendants' expert failed to explain how he reached his opinion that the deck was "structurally sound" based on the deck structure having "physically separated from the house." Thus, the affidavit from the defendants' expert was insufficient to address the plaintiff's allegation that the deck collapsed due to "improper structural support" (see Costen v Cohen, 124 AD3d 819, 819). Since the defendants failed to establish, prima facie, that the accident was not proximately caused by improper structural support or that they lacked constructive notice of such condition, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see San Antonio v 340 Ridge Tenants Corp., 204 AD3d at 714). Further, the defendants could not satisfy their prima facie burden by submitting an additional affidavit from their expert for the first time with their reply papers (see Lopresti v Alzoobaee, 217 AD3d 759, 760-761; DiLapi v Saw Mill Riv., LLC, 122 AD3d 896, 900).
Since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court