■ MAUREEN BLAGROVE, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [933 NYS2d 84]—

At approximately 6:00 P.M. on January 4, 2008, the plaintiff allegedly was injured when she tripped and fell while descending a stairway leading from the Long Island Rail Road platform at the Locust Manor station in Queens. The plaintiff testified at her deposition that the cause of her accident was a broken and cracked concrete step. The Supreme Court denied the defendants' motion for summary judgment. We affirm.

In support of their motion for summary judgment, the defendants failed to make a prima facie showing that the alleged defective condition was trivial as a matter of law and, thus, not actionable (see Bolloli v Waldbaum, Inc., 71 AD3d 618 [2010]; Serano v New York City Hous. Auth., 66 AD3d 867 [2009]; Ricker v Board of Educ. of Town of Hyde Park, 61 AD3d 735 [2009]). Furthermore, the defendants failed to establish, prima facie, that they did not have constructive notice of the condition complained of, especially given the photographic evidence which they submitted in support of their motion (see Bolloli v Waldbaum, Inc., 71 AD3d at 619-620). Moreover, contrary to the defendants' contention, the plaintiff clearly identified the cause of her fall at her deposition. Since the defendants failed to meet their prima facie burden, we need not address the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.