■ Mary Elizabeth Dowling, Appellant, v Donfred Valeus, Respondent. [989 NYS2d 386]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 3, 2012, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, denied her cross motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her separate cross motion to strike the defendant's answer.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying, as academic, the plaintiff's cross motion to strike the defendant's answer; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the plaintiff's cross motion to strike the defendant's answer.

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in her bills of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Takaroff v A.M. USA, Inc.*, 63 AD3d 1142 [2009]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly determined that the plaintiff failed to establish her prima facie entitlement to judg-

ment as a matter of law on her cross motion for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d). Therefore, the Supreme Court properly denied that cross motion.

Since the Supreme Court denied, as academic, the plaintiff's separate cross motion to strike the defendant's answer for failure to respond to her discovery demands, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of that cross motion (*see Suwei Chuang v Ya Chen Hsieh*, 92 AD3d 939, 940 [2012]; *Gosine v Sahabir*, 91 AD3d 910, 911 [2012]; *Ramsey v Ramsey*, 69 AD3d 829, 833 [2010]). Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.