■ THERESE SHEHATA et al., Respondents, v CITY OF NEW YORK, Defendant, CABLEVISION et al., Appellants-Respondents, and PALM BEACH HOME FOR ADULTS, LLC, et al., Respondents-Appellants. [10 NYS3d 265]—

In an action to recover damages for personal injuries, the defendants Cablevision, Cablevision Systems of New York City Corporation, and CSC Holdings, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 30, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Palm Beach Home for Adults, LLC, and 2900 Bragg Street, LLC, separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendants Cablevision, Cablevision Systems of New York City Corporation, and CSC Holdings, Inc., and the defendants Palm Beach Home for Adults, LLC, and 2900 Bragg Street, LLC, appearing separately and filing separate briefs.

On August 8, 2006, the plaintiff Therese Shehata (hereinafter the injured plaintiff) tripped and fell on the edge of a sidewalk flag which was not level with the adjoining sidewalk flag. The sidewalk was in front of an assisted living facility operated by the defendant Palm Beach Home for Adults, LLC, on property owned by the defendant 2900 Bragg Street, LLC (hereinafter together the Palm Beach defendants). The defendants Cablevision, Cablevision Systems of New York City Corporation, and CSC Holdings, Inc. (hereinafter collectively the Cablevision defendants), owned and maintained an underground vault, installed in 2001, the cover of which was located on the sidewalk flag on which the injured plaintiff tripped.

An owner of property has a duty to maintain his or her premises in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Basso v Miller*, 40 NY2d 233, 241 [1976]), and in the City of New York, that duty extends to the sidewalks abutting the property (*see* Administrative Code of City of NY § 7-210 [a]). Contrary to the contention of the Palm Beach defendants, their duty to maintain the sidewalk abutting their property, including the duty to repair defective sidewalk flags (*see* Administrative Code of City of NY § 7-210 [b]), was not displaced by the Cablevision defendants' duty, under 34 RCNY 2-07 (b) (2), to repair any defect in their vault cover or in the pavement within 12 inches of the perimeter of the cover, since the condition which allegedly

caused the injured plaintiff to trip and fall was located more than 12 inches from the perimeter of the vault cover (*cf. Flynn v City of New York*, 84 AD3d 1018 [2011] [City of New York, not owner of abutting property, was responsible for repairing condition that caused plaintiff to fall, since it was within 12 inches of the City's fire hydrant valve gate box]).

In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the condition that allegedly caused the accident nor had actual or constructive notice of its existence (*see Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]). To provide constructive notice, "a dangerous condition must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it" (*Arcabascio v We're Assoc., Inc.*, 125 AD3d 904, 904 [2015]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, the evidence submitted by the Palm Beach defendants did not demonstrate that the uneven condition of the sidewalk flags did not exist for a sufficient length of time to permit them to discover and remedy it. Thus, they failed to make a prima facie showing that they did not have constructive notice of the alleged dangerous condition.

Accordingly, the Supreme Court properly denied the motion of the Palm Beach defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

With respect to the Cablevision defendants, the plaintiffs' theory of liability is that those defendants created the hazardous condition when they installed the underground vault. Contrary to the contention of the Cablevision defendants, they cannot be absolved of such liability by either the "guarantee period" set forth in 34 RCNY 2-11 (e) (16) (ii) ("Permittees shall be responsible for permanent restoration and maintenance of street openings and excavations for a period of three years on unprotected streets") or the 12-inch rule set forth in 34 RCNY 2-07 (b) (1) and (2) (requiring owners of covers or gratings to "monitor[ ] the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware" and to "replace or repair" any defective cover or grating and any defective street condition found within twelve inches of the cover or grating). As the Supreme Court correctly concluded, the regulations relied on by the Cablevision defend-

ants impose upon them a duty to maintain their vault and the surrounding area that is separate from, and in addition to, their duty not to create hazardous conditions (*see Ingles v City of New York*, 309 AD2d 835, 835 [2003] [guarantee period set forth in 34 RCNY 2-11 (e) (16) (ii) "do(es) not limit a contractor's common-law liability for affirmative acts of negligence which result in the creation of a dangerous condition upon a public street or sidewalk"]; *cf. Humphreys v Veneziano*, 268 AD2d 461, 462 [2000] [defendant contractor was entitled to summary judgment where it showed that its work did not "cause( ) the allegedly defective condition" *and* that any duty it had under 34 RCNY 2-11 (e) (16) (ii) to maintain the roadway had expired before the accident]). In support of their motion for summary judgment, the Cablevision defendants failed to submit evidence sufficient to make a prima facie showing that they did not create the condition that allegedly caused the injured plaintiff to trip and fall. Accordingly, the Supreme Court properly denied the motion of the Cablevision defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The remaining contentions of the Palm Beach defendants and the Cablevision defendants are without merit. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.