Stepkowski v Holy Trinity Diocesan High Sch. (2019 NY Slip Op 00924)





Stepkowski v Holy Trinity Diocesan High Sch.


2019 NY Slip Op 00924


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-08329
 (Index No. 6604/15)

[*1]Doris Stepkowski, appellant, 
v
Holy Trinity Diocesan High School, et al., respondents.


Bragoli & Associates, P.C., Melville, NY (Susan R. Nudelman and Joseph Sorce of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Lynn A. Waylonis of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 29, 2017. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.
The plaintiff alleges that on the evening of December 16, 2014, while walking on a roadway located on premises owned and/or controlled by the defendants, she tripped and fell due to a cracked, crumbled, and uneven section of asphalt surrounding a sewer grate. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, that the defendants either caused the alleged dangerous condition to exist, or had actual or constructive notice of it. Following the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). In a premises liability case, a defendant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the condition that allegedly caused the accident nor had actual or constructive notice of its existence (see Davidoff v First Dev. Corp., 148 AD3d 773, 774; Shehata v City of New York, 128 AD3d 944, 946). "To provide constructive notice, a dangerous condition must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it'" (Shehata v City of New York, 128 AD3d at 946, quoting Arcabascio v We're Assoc., Inc., 125 AD3d 904, 904).
Here, the evidence submitted in support of the defendants' motion demonstrated, prima facie, that they did not have actual notice of the alleged dangerous condition, but failed to [*2]eliminate triable issues of fact as to whether they created the condition or had constructive notice of it (see Shehata v City of New York, 128 AD3d at 946-947; Blagrove v Metropolitan Transp. Auth., 89 AD3d 880, 880). The defendants' failure to establish their prima facie entitlement to judgment as a matter of law required the denial of that branch of their motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Blagrove v Metropolitan Transp. Auth., 89 AD3d at 880).
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court