Karaseva v EAN Holdings, LLC (2020 NY Slip Op 04735)





Karaseva v EAN Holdings, LLC


2020 NY Slip Op 04735


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05714
 (Index No. 503980/13)

[*1]Inna Karaseva, plaintiff-respondent, 
v
EAN Holdings, LLC, et al., defendants, Edward J. Molloy, defendant-respondent, Brian J. Labuda, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
William Pager, Brooklyn, NY, for plaintiff-respondent.
Morris Duffy Alonso & Faley, New York, NY (Iryna Krauchanka and Andrea M. Alonso of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Brian J. Labuda and Sharon F. Labuda appeal from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated May 3, 2017. The order, insofar as appealed from, in effect, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while a front-seat passenger in a following vehicle in a multivehicle chain reaction accident on the New York State Thruway. The defendant Brian J. Labuda, who was the operator of one of the vehicles, and the defendant Sharon F. Labuda, who was the owner of that vehicle (hereinafter together the Labudas), moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the issue of liability and on the ground that
the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. By order dated May 3, 2017, the Supreme Court, in effect, denied the Labudas' motion on both liability and serious injury grounds. The Labudas appeal. We affirm.
We agree with the Supreme Court's determination denying that branch of the Labudas' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the issue of liability. Viewing the submissions relied upon by the Labudas in support of their motion, including the deposition testimony of the plaintiff and the various drivers involved in the accident in a light most favorable to the plaintiff opposing the motion (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 105; Ogletree v Rush Realty Assoc., LLC, 29 AD3d 875, 876), the Labudas failed to eliminate all triable issues of fact as to whether the collision of the Labudas' vehicle with the rear of one of the other involved [*2]vehicles caused or contributed to the plaintiff's alleged injuries (see Veltri v Solomon, 107 AD3d 699).
The Labudas also failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Dowling v Valeus, 119 AD3d 834, 835; Reynolds v Wai Sang Leung, 78 AD3d 919, 920).
Since the Labudas failed to meet their prima facie burden, we agree with the Supreme Court's determination, in effect, denying their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the issue of liability and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident in its entirety, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court