Redendo v Central Ave. Chrysler Jeep, Inc. (2022 NY Slip Op 03411)





Redendo v Central Ave. Chrysler Jeep, Inc.


2022 NY Slip Op 03411


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2019-05818
2022-03378
 (Index No. 500722/17)

[*1]Frank Redendo, appellant, 
v
Central Avenue Chrysler Jeep, Inc., et al., respondents.


Law Office of Thomas V. Purpi, P.C., New York, NY, for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas Vevante of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated March 21, 2019, and (2) a judgment of the same court entered April 24, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff allegedly slipped and fell inside one of the bathrooms of the defendants' car dealership. He fell near the sink soon after entering the bathroom. The plaintiff testified at his deposition that he saw a man, who he believed to be the defendants' employee, exit from the bathroom less than one minute before the plaintiff entered the bathroom. The defendants' porter testified at his deposition that, "very few times," he had seen drops of water on the floor near the sink. He testified that he assumed that the droplets fell when people used the sink to wash their hands.
After the accident, the plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of its existence, and that the plaintiff did not know what had caused him to fall. The Supreme Court granted the motion, and the plaintiff appeals.
In a slip-and-fall case, the defendant moving for summary judgment "has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551). Additionally, "a defendant can establish its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused the fall" (Lamour v Decimus, 118 AD3d 851, 851; see Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095, 1096).
Here, the defendants failed to establish, prima facie, that the plaintiff did not know what had caused him to fall. The plaintiff testified at his deposition that he did not see the condition that caused him to fall prior to the accident. However, he testified that, after he fell, his pants became wet. "Contrary to the defendants' contention, this testimony does not establish that the cause of the plaintiff's fall cannot be identified without engaging in speculation" (Steele v Samaritan Found., Inc., 176 AD3d 998, 1000; see Matadin v Bank of Am. Corp., 163 AD3d 799, 800). The defendants also failed to establish, prima facie, that they did not create the alleged condition that caused the plaintiff to fall or have actual or constructive notice of its existence (see Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110; see generally Gordon v American Museum of Natural History, 67 NY2d 836).
Since the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court