Francisco v Pulla (2022 NY Slip Op 07439)

Francisco v Pulla

2022 NY Slip Op 07439

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-04282
 (Index No. 511246/17)

[*1]Isabel Francisco, respondent, 
v
Guido Pulla, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Raphaelson & Levine Law Firm, P.C., New York, NY (Corey T. Flick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 25, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2017, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in June 2016 when she slipped and fell at a residential building owned by the defendant. At her deposition, the plaintiff testified that, on the day at issue, she was descending a staircase between the second and third floors and slipped on an old, worn patch of carpet on the fourth step. The defendant subsequently moved for summary judgment on the grounds that there was no defect on the steps, that any such defect was trivial, and therefore not actionable, and, in any event, that he lacked actual or constructive notice of same. In an order dated March 25, 2020, the Supreme Court denied the motion. The defendant appeals.
"Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury" (Perez v 655 Montauk, LLC, 81 AD3d 619, 619).
Here, the defendant failed to establish, prima facie, that the condition complained of was not dangerous or defective, or that it was trivial as a matter of law (see Coriat v Miller, 164 AD3d 1207, 1208). In support of his motion, the defendant submitted, inter alia, his deposition testimony and photographs of the staircase at issue. "[I]t is impossible to ascertain from the photographs submitted in support of the motion whether the alleged defective condition was trivial as a matter of law" (Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097; see Mscichowski v 601 BBA, LLC, 134 AD3d 996). Moreover, the defendant's deposition testimony also failed to establish that the condition complained of was not defective or dangerous, or that it was trivial as a matter of law. We also note that on appeal the defendant does not argue that he lacked actual or constructive notice of the condition.
Since the defendant failed to meet his prima facie burden, the Supreme Court properly denied his motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; San Antonio v 340 Ridge Tenants Corp., 204 AD3d 713,716).
The defendant's remaining contention is improperly raised for the first time on appeal (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court