Paraskevopoulos v Voun Corp. (2023 NY Slip Op 02672)

Paraskevopoulos v Voun Corp.

2023 NY Slip Op 02672

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-07809
 (Index No. 709283/18)

[*1]Clara Paraskevopoulos, respondent, 
v
Voun Corp., et al., appellants.

Hoffman Roth & Matlin, LLP, New York, NY (John T. Hague and Joshua R. Hoffman of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered September 23, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In April 2018, the plaintiff allegedly sustained injuries when she tripped and fell on a cracked and raised portion of a sidewalk abutting property owned by the defendant Voun Corporation (hereinafter Voun), where the defendant 36-03 Food, LLC, doing business as Create, operated a restaurant. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. In an order entered September 23, 2020, the Supreme Court denied the defendants' motion. The defendants appeal.
"In a premises liability case, a defendant may . . . establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her [fall] without engaging in speculation" (Cheprakova v Medicine Plaza, Inc., 211 AD3d 1009, 1010 [alterations and internal quotation marks omitted]; see Steele v Samaritan Found., Inc., 176 AD3d 998, 1000; Bilska v Truszkowski, 171 AD3d 685, 686). "'[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation'" (Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d 1060, 1061-1062, quoting Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827; see Jandly v New Carle Place Farm, Inc., 211 AD3d 1018, 1019).
Here, the defendants failed to establish, prima facie, that the plaintiff could not identify the cause of her fall without resorting to speculation (see Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d at 1061-1062; Steele v Samaritan Found., Inc., 176 AD3d at 1000; cf. Cheprakova v Medicine Plaza, Inc., 211 AD3d at 1010). Contrary to the defendants' contention, throughout her deposition the plaintiff testified consistently and specifically that the front of her right foot caught on a cracked and lifted portion of the sidewalk, which was raised approximately 1 to 1½ [*2]inches. The plaintiff further testified that the accident occurred in the middle of three sidewalk squares spanning the distance between the subject property and the street. Accordingly, the Supreme Court correctly determined that the plaintiff adequately identified the cause and location of her fall.
A defendant has constructive notice of a defect when the defect is visible and apparent, and has existed for a sufficient length of time before the accident that it reasonably could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Shehata v City of New York, 128 AD3d 944, 945). "To meet its [prima facie] burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 599 [internal quotation marks omitted]; see Trinidad v Catsimatidis, 190 AD3d 444, 444).
Here, the defendants failed to meet their initial burden of demonstrating that Voun lacked constructive notice of the allegedly dangerous and defective condition (see Shehata v City of New York, 128 AD3d at 946). An affidavit of Voun's vice president contained only generalized claims that Voun lacked notice of a defective or dangerous condition, and the defendants failed to present any evidence regarding when the area of the sidewalk in question was last inspected (see Kontorinakis v 27-10 30th Realty, LLC, 172 AD3d 835, 836-837).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contention that the sidewalk defect constituted a nonactionable trivial defect is improperly raised for the first time on appeal.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court