**De Costa v S.K.I. Realty, Inc.**

2024 NY Slip Op 34248(U)

December 2, 2024

Supreme Court, Kings County

Docket Number: Index No. 527113/2021

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of
Kings, at the Courthouse,
at Civic Center, Brooklyn,
New York, on the 2nd day
of December 2024

HONORABLE FRANCOIS A. RIVERA

--------------------------------------------------------------------X

FRANCIS DE COSTA,                                          **DECISION & ORDER**

                                        Plaintiff,          Index No.: 527113/2021

                    - against -                             Oral Argument: 10/10/2024

S.K.I REALTY, INC.,                                         Cal. No.: 20

                                        Defendant.          Ms. No.: 1

--------------------------------------------------------------------X

      Recitation in accordance with CPLR 2219 (a) of the papers considered on the
notice of motion filed on January 5, 2024, under motion sequence number one, by S.K.I.
Realty, Inc. (hereinafter defendant or movant) for an order pursuant to CPLR 3212
awarding defendant summary judgment in its favor on the issue of liability and
dismissing the complaint of plaintiff Francis De Costa on several grounds. The motion is
opposed.

-Notice of motion
-Affirmation in support
      Exhibits A-P
-Statement of material facts
-Affirmation in opposition
-Counter Statement of material facts
-Affirmation in reply
      Exhibit Q

Page **1** of **10**

## BACKGROUND

On October 22, 2021, the plaintiff commenced the instant action by filing a summons and complaint with the Kings County Clerk's office (KCCO). On March 4, 2022, the defendant interposed and filed a verified answer with the KCCO. On November 7, 2023, plaintiff filed a note of issue.

The complaint alleges the following salient facts among others. On October 7, 2021, plaintiff was lawfully upon the sidewalk in front of the premises located at 345 East 685 Street, New York, New York, adjacent to the tree area, when he was caused to fall to the ground (hereinafter the subject accident) due to a dangerous, defective condition of the public sidewalk abutting the property owned by the defendant.

The subject accident was caused because of the negligence and carelessness of the defendant, its agents, servants and/or employees, in the negligent ownership, operation, alteration, maintenance, management, and control of the sidewalk in front of said premises. As a result of the subject accident the plaintiff was caused to suffer severe and serious personal injury.

## LAW AND APPLICATION

The plaintiff commenced this action against the defendant to recover damages for personal injuries that he alleged sustained on October 7, 2021, when he tripped and fell on an uneven sidewalk condition abutting a property owned by the defendants in New York County. The defendant moved for an order pursuant to CPLR 3212 dismissing the

2

instant action pursuant to the trivial-defect doctrine and on the basis that defendant did not owe or breach a duty of care that proximately caused the plaintiff's claimed damages.

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993], citing *Alvarez*, 68 NY2d at 324). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324).

"A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (*Poon v Nisanov*, 162 AD3d 806, 806 [2d Dept 2018], quoting CPLR 3212 [b]). "The moving party's submissions must show 'that there is no defense to the cause of action or that the cause of action or defense has no merit'" (*Poon*, 162 AD3d at 806, quoting CPLR 3212 [b]).

"A property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip"

*Abreu v Pursuit Realty Group, LLC*, – NY3d –, 2024 Slip Op 05781 [2024], citing *Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]. "A defendant seeking dismissal of a complaint on the basis that [an] alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (*id.*, quoting *Clarke v 90 S. Park Owners, Inc.*, 228 AD3d 722, 723 [2d Dept 2024].

"In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (*id.*, quoting *Trincere*, 90 NY2d at 978). "There is 'no minimal dimension test' or 'per se rule' that a defect must be of a certain height or depth in order to be actionable" (*id.*, quoting *Trincere*, 90 NY2d at 977; *Campbell-Ramdin v Town of Hempstead*, 227 AD3d 1049, 1050 [2d Dept 2024]). "Photographs which fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (*id.*, quoting *Schenpanski Promise Deli, Inc.*, 88 AD3d 982, 984 [2d Dept 2011].

"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (*Spinelli v Huang*, 225 AD3d 917, 918 [2d Dept 2024], quoting *Vasquez v Giandon Realty, LLC*, 189 AD3d 1120, 1120 [2d Dept 2020]; *Wendy-Geslin v Oil Doctors*, 226 AD3d 727, 729 [2d Dept

4

[* 4]

2024]). "However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (*Wendy-Geslin*, 226 AD3d at 729, quoting *Cutty v Eastern Extension, LLC*, 202 AD3d 907, 908 [2d Dept 2022]. "Thus, to prevail on its summary judgment motion, a defendant is required to establish that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it" (*Wendy-Geslin*, 226 AD3d at 729-730, citing *Vasquez*, 189 AD3d at 1120).

In support of the motion the defendant proffered, among other things, the deposition transcript of the plaintiff, the defendant's building superintendent, Noel Neylon, and the plaintiff's son in law, Evan Chacker, as well as several photographs and a video of the subject accident. The Court took note that the photographs that were referenced in the affirmation of defendant's counsel were from a different accident in a different lawsuit. The defendant also submitted a report by Timothy Joganich, a professed expert in the field of mechanical engineering, biomechanics, and human factors.

The defendant made several contentions as expressed in the affirmation of their counsel in support of the motion. First, they contended that the plaintiff did not know what caused him to fall. Second, they contended that the unlevel sidewalk condition did not constitute an unreasonably dangerous condition. Third, they contended that the defendant did not have actual or constructive notice of the allegedly dangerous condition.

Page **5** of **10**

Fourth, they contended that the elevation differential of the sidewalk, which plaintiff claimed he tripped on, was trivial and not actionable.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere*, 90 NY2d at 977]). "However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (*Mitgang v PJ Venture HG, LLC*, 126 AD3d 863, 863-864 [2d Dept 2015]). "[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2d Dept 2014]). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (*Izaguirre v New York City Tr. Auth.*, 106 AD3d 878 [2d Dept 2013], citing *Morgan v Windham Realty, LLC*, 68 AD3d 575, 576 [2d Dept 2005]).

The defendant pointed to the plaintiff's deposition testimony in which he was not sure of the cause of his fall. However, the defendant also included the deposition testimony of Evan Chacker, the plaintiff's son in law. The plaintiff's son-in-law testified at his deposition that he witnessed the plaintiff's fall. He also testified that he saw the

6

[* 6]

unlevel sidewalk condition which caused the plaintiff to fall. He described it as a one-inch differential and circled the condition in a photograph presented to him at the deposition.

Defendant also contended that the unlevel sidewalk condition did not constitute an unreasonably dangerous condition and was trivial and not actionable. This contention was premised on the opinion of Timonthy Joganich, as expressed in his report and the video of the subject accident as analyzed by him. Timothy Joganich's report, however, was unsworn and not in admissible form. It is therefore disregarded.

The Court reviewed the same proffered video of the subject accident that was reviewed by Joganich. However, the vantage point of the depicted moving image was from too far a distance and from an angle which made the condition of the unleveled sidewalk condition not visible.

The defendant has claimed that they had no actual or constructive notice of the alleged dangerous condition. The defendant proffered the testimony of Noel Neylon, their building superintendent, in support of this contention. A defendant has constructive notice of a defect when the defect is "visible and apparent" and has existed "for a sufficient length of time prior to the accident" that it reasonably could have been discovered and corrected (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Shehata v City of New York,* 128 AD3d 944, 946 [2d Dept 2015]). "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to

Page **7** of **10**

the time when the plaintiff fell" (*Paraskevopoulos v Voun Corp.*, 216 AD3d 983, 984 [2d Dept 2023], citing *Przyzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2d Dept 2010]). Noel Neylon testified that he did not remember when he last inspected the condition of the sidewalk prior to the subject accident.

The defendant submitted an affirmation in reply. The reply affirmation referred to an annexed affidavit by Timothy Joganich and another copy of his previously annexed unsworn report. The Joganich affidavit was proffered to make his previously unsworn report admissible. However, to meet their prima facie burden for entitlement to summary judgment, the defendants could not rely on evidence submitted for the first time in their reply papers (*see L'Aquila Realty, LLC v Jalyng Food Corp.*, 103 AD3d 692, 692 [2d Dept 2013]).

Assuming arguendo that Joganich's report was admissible, for the reasons set forth below, it has little or no probative value. The standard for admission of expert witness testimony is whether the expert's opinion helps to clarify an issue calling for technical knowledge possessed by an expert and beyond that of the typical juror (*Kohler v Barker*, 147 AD3d 1037, 1038 [2d Dept 2017], citing *De Long v County of Erie*, 60 NY2d 296, 307 [1983]). An expert's opinion should be "relevant, detailed, and helpful to the resolution of issues on summary judgment or at trial" (*Snyder v AFCO Avports Management, LLC*, 219 NYS3d 360, 369 [2d Dept 2024]). "An expert's conclusory or speculative opinion is of no probative force" (*id.*). "The admissibility and scope of expert testimony is a determination within the discretion of the trial court" (*Kohler*, 147 AD3d

8

at 1038; *see De Long*, 60 NY2d at 307). "Generally, it is for the trier of fact to determine the issue of proximate cause" (*see Tsarenkov v Rosenbaum*, 231 AD3d 1184, 1184 [2d Dept 2024], quoting *Soto v Colletta*, 225 AD3d 819, 820 [2d Dept 2024]; *Dolce v Cucolo*, 106 AD3d 1431, 1432 [3d Dept 2013]).

Here, it is noted that Joganich did not inspect the location of the subject accident. Second, he stated that the location of the subject accident was repaired after the plaintiff's accident (*see Brothers v Nisan Maintenance Corp.*, 219 NYS3d 167, 168-169 [2d Dept 2024]). Joganich then opined, inter alia, that the subject accident location did not constitute an unreasonably dangerous condition for someone exercising a reasonable degree of inattentiveness. However, as previously indicated, the video Joganich reviewed was from a vantage point where you cannot clearly see the alleged defect. Joganich further opined that the mechanism of plaintiff's fall was a foot scuff due to insufficient clearance between the sole of his right sandal and the sidewalk, which may have been compounded by the sandals that he was wearing at the time given their limited coupling with the feet.

It is not beyond the ken of a jury to assess from the facts and surrounding circumstances what caused an individual to trip and fall (*see Snyder*, 219 NYS3d at 369, citing *De Long v Erie County*, 60 NY2d 296, 307 [1983]). Joganich's opinion does not call for technical knowledge beyond that of a typical juror, but rather speculates as to the cause of the of the trip and fall. It would therefore be inadmissible as invading the province of the fact finder, even if sworn.

[* 9]

In sum, the defendant did not make a prima facie showing of entitlement to summary judgment dismissing the complaint. Accordingly, the motion is denied regardless of the sufficiency of the plaintiff's opposing papers (*see Dowling v Valeus*, 119 AD3d 834, 835 [2d Dept 2014], citing *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

**CONCLUSION**

The motion by defendant S.K.I. Realty, Inc. for an order pursuant to CPLR 3212 (b) awarding defendant summary judgment in its favor on the issue of liability and dismissing the complaint of plaintiff Francis De Costa is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

J.S.C.

10