Rubin v Sivan Merrick, LLC (2025 NY Slip Op 00892)

Rubin v Sivan Merrick, LLC

2025 NY Slip Op 00892

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-07574
 (Index No. 606789/20)

[*1]Joseph Rubin, respondent, 
v
Sivan Merrick, LLC, respondent-appellant, "ABC Corp" doing business as "Dunkin," appellant-respondent.

Cuomo LLC, Mineola, NY (Steven R. Engrassia of counsel), for appellant-respondent.
Masiakos, Mercurio & Associates, P.C., Garden City, NY (Eric D. Mercurio of counsel), for respondent-appellant.
Rosner Russo Shahabian PLLC (Rubin Law PLLC, New York, NY [Denise A. Rubin], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Metro Franchising Commissary, LLC, doing business as Dunkin, sued herein as "ABC Corp.," doing business as "Dunkin," appeals, and the defendant Sivan Merrick, LLC, cross-appeals, from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), dated June 21, 2023. The order, insofar as appealed from, denied the motion of the defendant Metro Franchising Commissary, LLC, doing business as Dunkin, sued herein as "ABC Corp.," doing business as "Dunkin," for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the cross-motion of the defendant Sivan Merrick, LLC, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff by the defendants.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he tripped and fell in a hole in a parking lot owned by the defendant Sivan Merrick, LLC (hereinafter Sivan), and leased by the defendant Metro Franchising Commissary, LLC, doing business as Dunkin, sued herein as "ABC Corp.," doing business as "Dunkin" (hereinafter Metro). Sivan and Metro asserted cross-claims against each other, inter alia, for contribution and indemnification. Metro moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and Sivan cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated June 21, 2023, the Supreme Court denied Metro's motion and Sivan's cross-motion. Metro appeals, and Sivan cross-appeals.
"A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically [*2]insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "There is no minimal dimension test or per se rule that the condition must be of a certain height or depth in order to be actionable" (Boesch v Comsewogue Sch. Dist., 195 AD3d 895, 896). Instead, "[i]n determining whether a defect is trivial as a matter of law, the court must examine all of the facts presented, including the width, depth, elevation, irregularity[,] and appearance of the defect along with the time, place[,] and circumstance of the injury" (Milewski v Washington Mut., Inc., 88 AD3d 853, 855-856 [internal quotation marks omitted]). "Photographs that are acknowledged to fairly and accurately represent the accident site may be used to establish that a defect is trivial and not actionable" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 83).
Here, the defendants each failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the alleged defect was trivial and, therefore, not actionable as a matter of law (see Camelio v Shady Glen Owners' Corp., 219 AD3d 453, 455; Nicotra v Giunta's Meat Farms, Inc., 214 AD3d 665, 666). The plaintiff testified at his deposition that the hole was approximately 5 inches deep and 18 inches wide, and the defendants failed to submit any measurements of the dimensions of the hole (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 76; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1097). Further, "it is impossible to ascertain from the photographs submitted in support of the motion [and the cross motion] whether the alleged defective condition was trivial as a matter of law" (Padarat v New York City Tr. Auth., 137 AD3d at 1097; see Francisco v Pulla, 211 AD3d 1016, 1017).
The defendants each also failed to establish their prima facie entitlement to judgment as a matter of law on the ground that they lacked constructive notice of the alleged defect. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer evidence as to when the area in question was last . . . inspected relative to the time when the plaintiff fell" (Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 938). Here, the defendants failed to present any evidence regarding when the parking lot was last inspected prior to the plaintiff's accident (see Paraskevopoulos v Voun Corp., 216 AD3d 983, 984; Hughes v Tower Crestwood 2015, LLC, 197 AD3d 633, 634-635).
Finally, Sivan contends that it was entitled to summary judgment dismissing the complaint and all cross-claims insofar as asserted against it on the ground that it was not obligated to maintain the parking lot pursuant to the terms of its lease agreement with Metro. However, Sivan "failed to demonstrate, prima facie, that it was an out-of-possession landlord that did not have a contractual duty under the lease to maintain" the parking lot (Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545).
Since the defendants each failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied Metro's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it and Sivan's cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
IANNACCI, J.P., GENOVESI, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court